**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6187**

DA'JUAN BURNS,

        Plaintiff - Appellant,

        v.

MAHBOOB ASHRAF, Doctor; KRISTA SWAN, Nurse Practitioner; WEXFORD
HEALTH SOURCES, INC.; DAYENA CORCORAN, Commissioner; JOHN DOE,
Pharmacist; TAMMY BUSER, Registered Nurse; MICHAEL TURNER,
Correctional Officer; HOLLY PIERCE, Nurse Practitioner; ASRESAHEGN
GETACHEW, Chief Medical Officer; ALI YAHYA, Physician; WILLIAM
BEEMAN, Registered Nurse; CORRECT RX PHARMACY SERVICES,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
James K. Bredar, Chief District Judge. (1:18-cv-03100-JKB)

Submitted: February 19, 2021              Decided: March 4, 2021

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Brent P. Ceryes, SCHOCHOR FEDERICO & STATON, PA, Baltimore, Maryland, for
Appellant. Gina M. Smith, Samuel T. Wolf, MEYERS, RODBELL & ROSENBAUM,
P.A., Riverdale, Maryland; Brian E. Frosh, Attorney General, Damon Pace, Assistant
Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND,

Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Da'Juan Burns seeks to appeal the district court's orders (1) dismissing some, but not all, of the claims raised in Burns' 42 U.S.C. § 1983 civil rights complaint, and denying Burns' request for preliminary injunctive relief; and (2) denying Burns' motion to alter, amend, or reconsider the court's prior rulings. We dismiss in part and affirm in part.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Those portions of the orders that dismissed Burns' action in part, and declined to reconsider that ruling, are neither final orders nor appealable interlocutory or collateral orders. Accordingly, we dismiss those aspects of this appeal for lack of jurisdiction.

We do, however, have jurisdiction to review the orders as related to Burns' request for preliminary injunctive relief. *See* 28 U.S.C. § 1292(a)(1). This court reviews the denial of a preliminary injunction for abuse of discretion. *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020). In evaluating the district court's decision, "we review factual findings for clear error and assess legal conclusions de novo." *Fusaro v. Cogan*, 930 F.3d 241, 248 (4th Cir. 2019).

In order to receive a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Roe*, 947 F.3d at 219. A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such

3

relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). If the district "court applied a correct preliminary injunction standard, made no clearly erroneous findings of material fact, and demonstrated a firm grasp of the legal principles pertinent to the underlying dispute," no abuse of discretion occurred. *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 192 (4th Cir. 2013) (en banc).

We have reviewed the parties' arguments in conjunction with the relevant authorities and, on this record, we discern no abuse of discretion in the district court's rulings pertaining to the denial of preliminary injunctive relief. We therefore affirm the orders denying preliminary injunctive relief, and denying Burns' later motion to alter, amend, or reconsider that ruling, for the reasons stated by the district court. *Burns v. Ashraf*, No. 1:18-cv-03100-JKB (D. Md. filed Aug. 29, 2019 & entered Sept. 3, 2019; Jan. 6, 2020).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*